UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERIAH L., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 4:20-CV-187-CDL** |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is the motion of plaintiff's counsel for an award of attorney fees in the amount of $24,000.00, pursuant to 42 U.S.C. § 406(b). (Doc. 35). The defendant did not file a response or otherwise object to the motion, and the deadline for response has passed. Upon review of the request, all filings related thereto, and the plaintiff's stated lack of objection to the award of fees (Doc. 36), and consistent with the law governing fee awards under § 406(b), the Court finds and concludes that the motion (Doc. 35) should be granted.

## I.   Background

On May 10, 2021, following the Commissioner's filing of a motion to remand, the Court reversed the administrative decision denying benefits and remanded the case for further proceedings. The plaintiff subsequently sought attorney fees of $7,625.50 under the Equal Access to Justice Act (EAJA), which the Court awarded on August 18, 2021. (Docs.

31-32). The Court also granted plaintiff's motion for leave to file a motion for attorney fees under § 406(b) within 60 days of any subsequent award of benefits. (Doc. 34).

On remand, an administrative law judge (ALJ) found the plaintiff is entitled to benefits. The Commissioner of Social Security (Commissioner) issued a Notice of Award dated September 18, 2022, awarding $109,842.00 in past-due benefits to plaintiff, with additional amounts awarded for each of plaintiff's minor children. (Doc. 35-1). The Commissioner withheld a total of $27,460.50 from the plaintiff's award, which represents 25% of plaintiff's $109,842.00 in past-due benefits, to pay attorney's fees.[1]

The plaintiff's counsel is requesting an award of $24,000.00 for work performed in federal court. (Doc. 35). The plaintiff does not object to an award of the requested amount. (Doc. 36). The plaintiff's fee agreement with counsel provides for a fee under § 406(b) "for the federal court work performed equal to 25% of any past-due benefits awarded (minus any EAJA fee that was awarded)." (Doc. 35-2). The agreement further indicates that

---

[1]    The plaintiff's attorney represents that, with auxiliary benefits, plaintiff's past-due benefits totaled $118,489.50, from which $30,342.50 was withheld for attorney fees. (Doc. 35 at 1). Based on exhibits to the plaintiff's motion, it appears that the plaintiff has attempted to include in the totals the "auxiliary benefits" for only one of the plaintiff's minor dependents. (*See* Doc. 35-1). However, plaintiff's represented total calculation of the past-due benefits is inaccurate. Based on the exhibits presented, the following past due amounts were awarded and fees withheld therefrom. The plaintiff was awarded $109,842.00 in past due benefits, from which $27,460.50 was withheld for fees. Past due benefits in the amount of $11,530.00 were awarded for one child (HC-5), with $2882.50 withheld for fees. The past-due awards for each of two other children (HC-4 and HC-1) were $7559.00, with $1824.50 withheld from each award for fees. Past-due benefits in the amount of $15,361.00 for each of two other children (HC-3 and HC-2) were awarded, with $3775.00 withheld from each of those awards for attorney fees.

"[p]ast-due benefits include the total amount of money owed me and any auxiliary beneficiaries by the SSA." (*Id.*).

## II.    Discussion

"Congress prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims." *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 932 (10th Cir. 2008). Section 406(b) controls fees for representation in court, while § 406(a) deals with fees incurred for representation in the administrative proceedings. *Id.* (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). "Under 42 U.S.C. § 406(b), whenever a court finds in favor of a claimant who was represented by an attorney, it may determine a reasonable fee for court representation, not in excess of 25% of the past-due benefits awarded by reason of the judgment." *Id.* (citing § 406(b)(1)(A)).

A successful claimant may also apply for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. EAJA fees are assessed against the United States when its actions were not "substantially justified." *Id.*  EAJA fees are made payable to the plaintiff, whereas fees under § 406(b) are directly distributed to plaintiff's counsel from past-due benefits.  However, if plaintiff's counsel was paid from the EAJA fee award, counsel must refund to the plaintiff the lesser of the EAJA award or the § 406(b) award. *See Gisbrecht*, 535 U.S. at 796.

The Court finds that the amount sought under § 406(b) is reasonable under all the circumstances of this case. The Commissioner has not objected to the requested fees. The plaintiff does not object to the amount or award, the plaintiff's contract with counsel contemplated fees in the amount of 25% of past-due benefits, to include benefits awarded

to plaintiff and any auxiliary beneficiaries, and the amount of work expended and total award are reasonable and much less than the 25% contemplated in the fee agreement and withheld by the SSA. (*See* fn. 1, *supra*). Furthermore, Plaintiff's counsel represents that the $7,625.50 awarded under EAJA will be refunded to the plaintiff, such that the net attorney fee to be paid by plaintiff will be only $16,374.50. (*See* Doc. 35 at 4).

## III.    Conclusion

The plaintiff's counsel should be awarded $24,000.00 in fees pursuant to § 406(b). The motion (Doc. 35) is hereby **granted**, and counsel for the plaintiff is awarded § 406(b) fees in the amount of $24,000.00, to be paid from the amount withheld from the plaintiff's past-due benefits. The Commissioner shall disburse that amount to plaintiff's counsel from the plaintiff's past-due benefits and shall disburse the remainder of withheld amounts to the plaintiff for himself and auxiliary beneficiaries. The plaintiff's counsel shall refund to plaintiff the amount of the earlier EAJA award, pursuant to *Gisbrecht*, 535 U.S. at 796 and *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 16th day of December, 2022.

Christine D. Little
United States Magistrate Judge

4